UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| In re:<br><br>ELAINA M. GUY,<br><br>    Debtor. | Chapter 13<br>Case No. 19-10051-MSH |
|---|---|

**OBJECTION OF U.S. BANK TRUST TO**
**CONFIRMATION OF CHAPTER 13 PLAN**

NOW COMES U.S. Bank Trust, N.A., as Trustee of the Tiki Series III Trust as serviced by SN Servicing Corp. ("**U.S. Bank Trust**") and objects to confirmation of the Amended Chapter 13 plan of Elaina M. Guy (the "**Debtor**"). U.S. Bank Trust objects on the grounds that the Debtor's plan does not adequately provide for the secured claim of U.S. Bank Trust. In support of its objection, U.S. Bank Trust states as follows.

**STATEMENT OF MATERIAL FACTS**

1. On December 6, 2007, the Debtor executed a promissory note in favor of IndyMac Bank, F.S.B. for a loan in the amount of $411,000.00 (the "**Note**"). Simultaneously, as security for her obligations under the Note, the Debtor granted a mortgage (the "**Mortgage**") on certain real property known as and numbered 11 Watson Street, Somerville, Middlesex County, Massachusetts (the "**Property**").

**2.** The Note and the Mortgage have been assigned to U.S. Bank Trust.

**Bankruptcy Petition**

3. On January 7, 2019, the Debtor filed a voluntary Chapter 13 petition with this Court, commencing the above-captioned case. Doc. No. 1.

1

4. As of the petition date, the prepetition arrearage owed pursuant to the Note and Mortgage totaled $311,181.44, with a total debt amount of $664,625.21, pursuant to Proof of Claim No. 4-1 filed on March 18, 2019.  Claim No. 4.

5. On February 20, 2019, the Debtor filed a 6-month Chapter 13 plan, proposing to sell the Property and pay creditors in full within 6 months.  Doc. No. 32.

6. On June 14, 2019, the Debtor filed an amended 60-month Chapter 13 Plan (the "**Plan**"), proposing to sell the Property and "pay the full amount due the mortgagee at the time of closing, including any pre-petition arrears."  Doc. No. 80.  The Plan also provides that if the Debtor cannot sell the Property by the end of the year, the plan will be amended accordingly, but provides no specific alternative treatment for the claim in the event a sale cannot be completed.

## GROUNDS FOR OBJECTION TO PLAN

1. U.S. Bank Trust objects to confirmation of the Plan as it fails to comply with the requirements of 11 U.S.C. § 1325(a)(6).  A debtor must "be able to make all payments under the plan and to comply with the plan" for a plan to be confirmed.  11 U.S.C. §1325(a)(6).

2. In this case, the proposed treatment of the secured claim is contingent upon several factors, namely, the Debtor's ability to find an able and willing buyer at a price which will satisfy U.S. Bank Trust's secured claim and receive Court approval of a motion to sell the Property before the end of the year.

3. As the success of the Plan and the Debtor's ability to pay creditors relies solely on the completion of the sale of the Property by the end of this year, the sale of

2

the Property may not occur and is increasingly unlikely to occur within the Plan's proposed timeframe, and the Plan provides no alternative treatment in the event the Property cannot be sold, the Plan therefore fails to comply with 11 U.S.C. §1325 and this Court should deny confirmation of the Plan as written.

4. U.S. Bank Trust reserves its right to object to any Motion filed by the Debtor proposing to sell the Property without paying its secured claim in full.

WHEREFORE, in light of the foregoing, U.S. Bank Trust respectfully requests that this Court enter an order:

(a) Denying confirmation of the Debtor's Chapter 13 plan; and

(b) Granting U.S. Bank Trust such other and further relief as is just and proper.

Respectfully submitted,

U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE TIKI SERIES III TRUST AS SERVICED BY SN SERVICING CORP.,

By its attorneys,

SASSOON AND CYMROT, LLP

*/s/ Stephanie E. Babin, Esq.*
Stephanie E. Babin, Esq. (BBO#689167)
Richard C. Demerle, Esq. (BBO# 652242)
Sassoon & Cymrot, LLP
84 State Street
Boston, MA 02109
(617) 720-0099
SBabin@SassoonCymrot.com

DATE: July 15, 2019

3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| In re:<br><br>ELAINA M. GUY,<br><br>      Debtor. | Chapter 13<br>Case No. 19-10051-MSH |
|---|---|

**CERTIFICATE OF SERVICE**

I, Stephanie E. Babin, Esq. of the law firm of Sassoon & Cymrot, LLP, hereby certify that I have this 15th day of July 2019 served on behalf of U.S. Bank Trust, N.A., as Trustee of the Tiki Series III Trust as serviced by SN Servicing Corp., an <u>Objection of U.S. Bank Trust to Confirmation of Amended Chapter 13 Plan</u> and this <u>Certificate of Service</u> by causing copies hereof to be sent to all parties entitled to service per the Federal Rules of Bankruptcy Procedure, by electronic mail via the Case Management / Electronic Case Files (ECF) system and by first-class U.S. mail to all parties not appearing electronically (M).

| Elaina M. Guy<br>11 Watson Street<br>Somerville, MA 02144 (M) | Richard A. Mestone, Esq.<br>Mestone & Associates LLC<br>65 Flagship Drive, Unit A<br>North Andover, MA 01845 (ECF) |
|---|---|
| John Fitzgerald, Esq.<br>Office of the US Trustee<br>J.W. McCormack Post Office & Courthouse<br>5 Post Office Sq., 10th Fl, Suite 1000<br>Boston, MA 02109 (ECF) | Carolyn Bankowski, Esq.<br>Chapter 13-12 Trustee Boston<br>P. O. Box 8250<br>Boston, MA 02114 (ECF) |

                                        */s/ Stephanie E. Babin, Esq.*
                                        Stephanie E. Babin, Esq.